Mr. David E. Beitz Building Official City of Mount Dora Post Office Box 176 Mount Dora, Florida 32756-0176
Dear Mr. Beitz:
As the building official charged with administration and enforcement of the building code for the City of Mount Dora,[1] you ask substantially the following question:
Are the provisions in sections 553.501—553.513, Florida Statutes, applicable to churches?
Sections 553.501—553.513, Florida Statutes, is the "Florida Americans With Disabilities Accessibility Implementation Act."[2] The purpose of the act is to incorporate the Federal Americans with Disabilities Act of 1990 (ADA) into Florida law and to obtain certification that the state's accessibility code is equivalent to federal standards.[3] The accessibility guidelines, with enumerated exceptions, establish the minimum standards for accessibility of buildings and facilities built or altered within the state of Florida.[4]
Section 553.505, Florida Statutes, sets forth exceptions to the applicability of the ADA, stating:
"Notwithstanding the Americans with Disabilities Act of 1990, private clubs are governed by ss. 553.501—553.513. Parking spaces, parking lots, and other parking facilities are governed by s. 553.5041 when that section provides increased accessibility."
The ADA removes from its coverage, among others, private clubs or religious organizations or entities controlled by religious organizations, including places of worship.[5] The State of Florida, however, through the enactment of section 553.505, Florida Statutes, has specifically removed the exemption from the ADA for private clubs and makes them subject to the accessibility requirements contained in sections 553.501—553.513, Florida Statutes. This section previously made churches subject to the provisions of Florida's act, but was amended in 1997 deleting its reference to churches and leaving only private clubs.[6] The legislative history of the amendatory act states its intent was to "obtain and maintain federal certification of the Florida Accessibility Code for Building Construction as equivalent to federal standards."[7] In doing so "[t]he bill lowers some of Florida's more stringent requirements to the federal level, and exempts churches fromFlorida's accessibility requirements."[8] (e.s.) Thus, the last expression of the Legislature in amending section 553.505, Florida Statutes, was to exempt churches from the requirements of sections553.501—553.513, Florida Statutes.
Accordingly, it is my opinion that sections 553.501—553.513, Florida Statutes, Florida's Americans with Disabilities Implementation Act, does not apply to churches.[9]
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] See Mount Dora Code of Ordinances, sections 22.010 (designation of building official as official charged with enforcement of building code), 22.150 (building official charged with providing notification for violations and penalties), and 22.310 (building official and fire chief authorized to inspect vacant buildings for compliance with building, housing, fire, and health codes).
[2] Section 553.501, Fla. Stat.
[3] Section 553.502, Fla. Stat.
[4] Section 553.503, Fla. Stat.
[5] See 42 U.S.C. § 12187 stating: "The provisions of this title shall not apply to private clubs or establishments exempted from coverage under title II of the Civil Rights Act of 1964 or to religious organizations or entities controlled by religious organizations, including places of worship."
[6] Section 553.505, Fla. Stat. (1996 Supp.). And see s. 4, Ch. 97-76, Laws of Fla.
[7] Final Bill Research Economic Impact Statement, House of Representatives Committee on Community Affairs, CS/HB 1707, May 23, 1997.
[8] Id.
[9] You state that you have discussed this matter with the Florida Department of Community Affairs and were advised that churches are exempt from the ADA under Florida law, but were also advised to seek an opinion of this office.